IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 SEP 21  P 3: 52

Valvaneea Harville )
)
)
Plaintiff, Petitioner )
)
vs. )
)
)
State Personnel Board, (Respondent AAPA) )
lJoe Dickson, Joyce O'Neal, John McMillan )
Ellen McNair, James Anderson, Jackie )
Graham )
)
Defendants, Respondents. )

Removed
From the Circuit Court of
Randolph County, Alabama
Case No. CV-06-125
*****************

**JURY TRIAL DEMANDED**

Case No. 3:06 cv 845 - WKW

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants hereby serve notice of removal of this

case from the Circuit Court of Randolph County, Alabama, to this Honorable Court and respectfully

shows as follows:

1. This lawsuit was originally filed on August 21, 2006, in the Circuit Court for Randolph

County, Alabama and assigned case number CV-06-125. The complaint seeks compensatory and

punitive damages against the defendants. (Compl ¶ 89). To the knowledge of the undersigned, no

other pleadings have been filed as of the date of service of this pleading.

2. As appears from the face of the complaint, this Court has original subject matter

jurisdiction over various allegations of the Complaint, Court [sic] One – Due Process – Federal

Based (Compl Pages 29-34); Count Three – Liberty Interest (Compl. Pages 35-36). *See* 28 U.S.C. §§ 1331 and 1343; and 28 U.S.C. §§ 1441(b) and 1446(b).

3. Pursuant to 28 U.S.C. § 1446(d), defendant has this day served a copy of this notice on the plaintiff and on the clerk of the state court.

4. Pursuant to 28 U.S.C. § 1446 (a), attached is a copy of all process, pleadings, and orders served upon the defendants in this action.

Respectfully submitted,

ALICE A. BYRNE (BYR015)
Attorney for Defendants

ADDRESS OF COUNSEL:

State Personnel Department
64 North Union Street
Room 316
Montgomery, Alabama 36130
(334) 242-3450
(334) 353-4481 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following:

Carroll J. Ogden
Post Office Box 851133
Mobile, Alabama 36685-1133

by placing the same in first class mail, postage pre-paid, this the 21st day of September, 2006.

OF COUNSEL

2

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY

| | |
|---|---|
| **Valvaneea Harville** | * |
| | * |
| **Petitioner/Plaintiff** | * |
| | * |
| **v.** | * |
| | * |
| **State Personnel Board, (Respondent AAPA);** | * |
| **Joe N. Dickson, Joyce P. O'Neal, John McMillan,** | * |
| **Ellen G. McNair, James H. Anderson, Jackie Graham.** | * |
| | * |
| **Respondents/Defendants.** | * |

**Case Number:** (ˈVOlb-l25

# Filed in Office

AUG 2 1 2006

KIM S. BENEFIELD
Clerk of Circuit Court

## Petition for Judicial Review of an Administrative Decision/Complaint

### Introductory Statement

The provisions of <u>Code of Alabama</u>, 1975 §41-22-20, govern this action. The State Personnel Board will argue and advance the proposition that the judgment of that agency cannot be substituted and/or set aside by the Circuit Court sitting in review of an administrative decision. Without any question or doubt, the fact remains that the Alabama Administrative Procedures Act (AAPA) and case law decisions do clearly allow exceptions to the general rule and provide a means to set aside, modify, or even remand the case for further taking of evidence before the agency that issued the final decision (see <u>Code of Alabama</u>, 1975 §41-22-20(i)). However, and most notably, are the grounds set forth in <u>Code of Alabama</u>, 1975 §41-22-20(k):

> (k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. *The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under*

1

*standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following* (Emphasis):

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) In violation of any pertinent agency rule;
(4) Made upon unlawful procedure;
(5) Affected by other error of law;
(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

As another central point of contention and relief sought, the Petitioner is forced to advance 'ineffectual representation'. Specifically, Harville was a member of Alabama State Employees Association (ASEA) at the time of discharge. This organization agreed to provide legal counsel and undertook an obligation to provide such representation. As one example of the prejudicial conduct that had a material affect on Harville's proceeding before the State Personnel Board, and moreover, without any adequate notice or warning to Harville, the association's counsel withdraws about two days before the public hearing.

Additionally, this filing is a "Petition" in its fullest extent as the name implies. According to Black's Law Dictionary 6th Edition, a "Petition" is "A written address, embodying an application or prayer from the person or persons preferring it, to the power, body, or person to whom it is presented, for the exercise of his or their authority in the redress of some wrong, or the grant of some favor, privilege, or license". Therefore, and unlike other legal pleadings, and with this Honorable Court's respectful indulgence, this document is presented, and at times, in a narrative approach to tell the story of the wrong suffered by Your Petitioner while seeking the grant of reasonable specific relief. To be sure, Your Petitioner has suffered from due process violations, punishment, a termination, which also does not fit well with the allegations advanced by the employing agency and moreover - has been

2

woefully betrayed by her prior counsel and at a time most critical. If withdrawing and doing so without warning barely two days before the March 15th "Ides of March" State Personnel Board hearing isn't highly prejudicial, then nothing is!

Is the State Personnel Board (SPB) responsible for ineffectual representation or withdrawing of counsel two days before a hearing? At first blush, no – but on reflection – absolutely. Why? Well that answer lies in their arbitrary and capacious response in denying the Motion for Reconsideration/Rehearing filed by this counsel. Any reasonable State Official would have granted the Motion and especially so when informed of the many sins committed by prior counsel. Not initiating adequate (or possibly no) discovery, not calling witnesses or subpoenaing other 'Welcome Center Managers' and employees, not filing exceptions to the Hearing Officer's Report, when clearly indicated, not requesting oral argument before the Personnel Board, not exploring allegations of discrimination, not raising due process violations, and also, allegedly not talking to your client about her case and her possible defenses or documents until the day before the administrative hearing set by the Administrative Law Judge is long pass the point of saying this State Employee received benefits of the due process procedures set forth by Law and Personnel Board Rule.

Let's not forget the fact that it is the State Personnel Board that is supposed to be the 'guardians of the merit system act'. Their reason for being is not to rubber stamp the whims and desires of senior level management, but to look out for the interest of State Merit System Employees. Issues of fundamental fairness, equity, and a sense of what is right and wrong are clearly within their overlord powers.

As this Court can discern from the administrative record, which this counsel does not have benefit of at this time due to his client's severe economic situation, one of the request for relief contained in that Motion for Reconsideration was simply to allow the Petitioner a right to be placed

3

back into a position to request oral argument before the Personnel Board. With the Personnel Board now informed that her lawyer quit before that event and through no fault of Petitioner, coupled with the questions raised by the Administrative Law Judge about what had happened to change a long term employee of the State after 2003 to become problematic which was also further connected to the thought expressed by the Board's own March 15th final order that searched for mitigation, means that at the very least, Petitioner was owed a right to address the Personnel Board before being terminated, either through counsel or directly. Weighing the efforts of a nearly twenty year employee against the right to address the Board for less than ten minutes, since that is all they allow, is clear indication that the Board's order violates Code of Alabama, 1975 §41-22-20(k), §41-22-17, and State Personnel Board Rule (SPBR) 670-X-5-.09.

As will be presented, and according to law, the hearing Harville received before the Administrative Law Judge violated Code of Alabama, 1975 §36-26-27(a). A new hearing that complies with State Merit System Law is mandated.

**Alabama Administrative Procedures Act**
**Code of Alabama, 1975 §41-22-20(b)**
**Request for Relief from Bond/Relief from Court Cost.**

The Circuit Court has the authority to waive any bonds according to the above stated section of the AAPA. Harville has *financial hardships* that are due to the actions of Bureau of Tourism and Travel, which were upheld by the Respondents. Petitioner Harville is unemployed. The Court is asked to provide such other and further relief as may be envisioned by this section of law. It is clear that an imbalance of resources exists between the State and this unemployed civil servant. Additionally, the Petitioner requests that the Court require a copy of the administrative record be served without expense upon counsel for the Petitioner and waive the Cost of Court.

**Alabama Administrative Procedures Act**
**Required Acknowledgements**
**Code of Alabama, 1975 §41-22-20(h)**

(I)     The nature of the agency action that is the subject of this Petition respects an adverse decision

rendered by the State Personnel Board (Respondent) and its agents to "uphold termination" of

Harville by the Bureau of Tourism and Travel.  Harville was a classified merit system

employee of Bureau of Tourism and Travel until that agency terminated her on September 15,

2006.  Specifically, Harville occupied a supervisory position.

(II)    A "Final Decision" to uphold Harville's termination was issued by the Respondent on March

15, 2006.  A timely Motion for Rehearing/Reconsideration was filed.  On June 21, 2006, the

State Personnel Board (SPB) denied the Motion for Reconsideration.  Notice of Appeal was

served on the Agency via certified mail dated July 21, 2006.

(III)   Jurisdiction is based in part on the Alabama Administrative Procedures Act and the General

Jurisdiction of the Circuit Court.

(IV)    The basis for the present relief sought is predicated on Code of Alabama, 1975 §41-22-20(k)(1-

7), Code of Alabama, 1975 §41-22-20(i), Code of Alabama, 1975 §36-26-27(a), and such other

provisions of law and Constitutional standards set forth herein.

(V)     Petitioner seeks reinstatement to the date she was removed from the State payroll by Bureau of

Tourism and Travel – September 15, 2006, or as deemed appropriate by this Honorable Court,

and/or such other and further relief as she may be entitled due to the actions taken by

Respondent in upholding termination, including attorney fees and injunctive relief, and at a

minimum, the right to file exceptions to the Administrative Hearing Officer's Report and to

oral argument before the State Personnel Board.  Moreover, the Court has the authority to

Order a new hearing since the provisions of Code of Alabama, 1975 §36-26-27(a) were not followed.

## Parties

1.    Plaintiff/Petitioner, Valvaneea Harville, is an individual over the age of eighteen and a resident citizen of the State of Alabama. Bureau of Tourism and Travel in Cleburne County last employed petitioner during September 2006. Harville was the supervisor of the Cleburne County Welcome Center. At all relevant times, Harville was a classified merit system employee of the State of Alabama.

2.    Defendant/Respondent, Alabama State Personnel Board/Alabama Department of Personnel is an agency of the State of Alabama and may be served via the provisions contained in the Alabama Administrative Procedures Act §41-22-20(d). The State Personnel Board and/or the State Personnel Department for the State of Alabama are herein named - the Respondent - as required by the Administrative Procedures Act in those aspects of this Petition that respect the Alabama Administrative Procedures Act (AAPA). Respondent, the Alabama State Personnel Board, is also named as an entity for any and all appropriate injunctive relief that may be deemed appropriate, as are the individual members.

3.    Defendant Joe N. Dickson, State Personnel Board Chairman, is an agent or officer of the State Personnel Board. He will be served by certified mail addressed to the primary offices of the State Personnel Board (300 Folsom Administrative Building, Montgomery, Alabama 36130). The Defendant is over the age of eighteen and a resident of the State of Alabama. He is named in his "official capacity" and only to the extent required.

4.  Defendant Joyce P. O'Neal, State Personnel Board Member, is an agent or officer of the State Personnel Board. She will be served by certified mail addressed to the primary offices of the State Personnel Board (300 Folsom Administrative Building, Montgomery, Alabama 36130). The Defendant is over the age of eighteen and a resident of the State of Alabama. She is named in her "official capacity" and only to the extent required.

5.  Defendant John McMillan, State Personnel Board Member, is an agent or officer of the State Personnel Board. He will be served by certified mail addressed to the primary offices of the State Personnel Board (300 Folsom Administrative Building, Montgomery, Alabama 36130). The Defendant is over the age of eighteen and a resident of the State of Alabama. He is named in his "official capacity".

6.  Defendant Ellen G. McNair, State Personnel Board Member, is an agent or officer of the State Personnel Board. She will be served by certified mail addressed to the primary offices of the State Personnel Board (300 Folsom Administrative Building, Montgomery, Alabama 36130). The Defendant is over the age of eighteen and a resident of the State of Alabama. She is named in her "official capacity" and only to the extent required.

7.  Defendant James H. Anderson, State Personnel Board Member, is an agent or officer of the State Personnel Board. He will be served by certified mail addressed to the primary offices of the State Personnel Board (300 Folsom Administrative Building, Montgomery, Alabama 36130). The Defendant is over the age of eighteen and a resident of the State of Alabama. He is named in his "official capacity" and only to the extent required.

### Jurisdiction

8.  According to State Law, the Circuit Court of Randolph County has jurisdiction over this Petition and the various prayers for relief. For jurisdictional purposes, Petitioner therefore

seeks relief herein by virtue of the following authorities: (1) U.S. Const., Amendments 5 & 14; (2) Ala. Const. 1901, Art. I, §§ 6, 13, 22; (3) 42 U.S.C. § 1983, otherwise known as the Civil Rights Act; (4) 42 U.S.C. § 1988; (5) the various extraordinary remedies available through Statute, case law, and rules of procedure, including injunctive relief as established by the Judicial System of the State of Alabama and laws of the State; (6) Alabama Administrative Procedures Act; and (7) the General Jurisdiction of the Circuit Court.

9.  The expanded area of jurisdiction related to this Petition seeking judicial review of an agency decision is due to recent case law decisions (see indented section below) that modify and consolidate (absorb) any actual or *potential* collateral lawsuit involving administrative appeal hearings controlled by the AAPA. As background,

> "We agree with Smith's argument that the review panel could not adequately determine the constitutional issues presented to it and that there has been no showing that the panel did apply the required test. His § 1983 claims are nevertheless barred, because he had a right to appeal the ruling of the review panel to the appropriate circuit court, under § 41-22-20(k)(1), Ala.Code 1975, but did not do so.

> "... A reviewing court 'may reverse or modify the decision [of an administrative review panel] or grant other appropriate relief' if it finds that 'substantial rights of the petitioner have been prejudiced because the agency action is ... [i]n violation of constitutional or statutory provisions." § 41-22-20(k), Ala.Code 1975. Smith did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he waived his right to appeal the decision of the review panel.

> "... His failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him." Ex parte Smith, 683 So.2d at 435-36.

> In making this holding, the Court did not overrule Ex parte Averyt, Caffee, the other cases cited above, and other similar cases. Those cases can be reconciled with Smith only on the ground that § 41-22-20(k)(1) gives a reviewing court broader jurisdiction to grant relief than it usually

has in appeals from administrative decisions. We therefore expressly hold that Smith is limited to situations governed by the AAPA. "

Ex parte Boyette, 728 So.2d 644, 649 (Ala. 1998)

12. Therefore, as precautionary to this filing, - the "General Jurisdiction of the Circuit Court", including its equity side, is hereby invoked. Additionally, all matters *not expressly reserved* to a review of the administrative hearing (which are those subject to attack and resulting judicial review on various grounds; such as --- unsupported by substantial evidence or reflects improper application of law to facts or whether the agency acted within its powers conferred upon it by law and/or the Constitution, or whether it failed to comply with applicable law, and/or whether the agency was reasonable and not arbitrary) are by trial de novo, with full motion and discovery proceedings, and could include such issues as Constitutional violations, 42 U.S.C. 1983 and/or bias administrative decision-makers. Consequently, review by the Circuit Court is not limited in scope under the AAPA as it once was; and this Court may determine such issues as whether an agency acted within its statutory powers, whether its action taken were arbitrary or taken in bad faith and/or most certainly the correctness of the hearing officer's conclusions of law, among others.

**Facts**

13. Harville (Petitioner) was employed by the Bureau of Tourism and Travel in a classified merit system position through September 15, 2006 – the date of her dismissal. Petitioner was a long-term employee of that agency (nearly twenty years) and occupied a supervisory position at the time of dismissal. Her personnel performance evaluations were mainly above average prior to 2003. Her last rating was higher than the prior year as well.

14.    The basis of the dismissal were set forth in a document signed by Lee Sentell, Director of that
agency on September 15, 2006.  All charges were technical in nature and specially identified
SPBRs: "General Work Rules 670-X-19.01(1)(c)(e) and 670-X-19.01(2)(b)."  The Director's
language provided such descriptive terms as "tardiness", "failure to perform job properly", and
"insubordination".

15.    Petitioner was a member of a State Employees Association at the time of dismissal and sought
legal assistance from that organization reference her termination.  Harville provided documents
and exhibits to association's attorney and allegedly, association's counsel did not introduce
those documents or seeks cross-examination of the Agency's witnesses relative to those
documents or even want to receive copies of the information Harville desired to provide him.

16.    Harville was called by the Agency to testify prior to its case in chief closing, and not by her
counsel.  Allegedly, her counsel failed to object or acknowledge that it was the State that must
prove their case without the aid or testimony of the employee.  Moreover, her association's
attorney allegedly asked just a few questions of Harville after the agency finished questioning
her.  The association's counsel allegedly did not call a single witness and may have introduced
only one document.

17.    The association's counsel failed to file objections to the hearing officer's report, offer
mitigation, seek settlement or compromise, attempt to contradict either the testimony or
documents of the agency, or to request "oral argument" before the Personnel Board and
allegedly failed to return phone calls in a timely fashion.  It is a fact that the Administrative
Hearing Officer questioned in her "Recommended Order To The State Personnel Board", why
this employee had suddenly suffered from a performance deterioration beginning in 2003 (Page

27 of that Proposed Order).  Again, it also appears that Harville's association counsel called no witnesses.

18.  Harville's association counsel provided less than three days notice to Harville of the date selected by the State Personnel Board to consider the Hearing Officer's Report.  Harville was informed via correspondence from the association's counsel that he had withdrawn as counsel.  This information was presented just barely two days before her scheduled Personnel Board hearing date, which date she also learned via that means.

19.  On March 15, 2006, the Board met and issued a 'final order' that upheld the agency's dismissal based on findings of fact and conclusions of law determined by the Administrative Law Judge.  However, the Board acknowledged that it had searched the record for evidence of mitigation of punishment and found none.  The association's counsel did not offer oral argument or advance mitigation of punishment.

20.  Harville secured this counsel several weeks thereafter.  Motion for Reconsideration was timely filed and the Personnel Board ultimately denied rehearing or reconsideration on June 21, 2006.  Notice of Appeal was filed on July 21, 2006.

## The Old Axiom of Another Bite at the Apple

21.  The State will argue that what Harville seeks is another "Bite at the Apple".  Fundamental to such a proposition is that the apple has at least been bitten.  Under these circumstances, the apple sits whole and certainly has never seen any teeth near its skin or even known that it was in possible jeopardy.

22.  No discovery, no witnesses, no exceptions to the Hearing Officer's Report, no oral argument advanced before the Personnel Board, no mitigation offered, no differentiation of charges, no

exploration of bias or impermissible discrimination, no due process violations, and to top all of that off - an attorney who quits before the job is finished, simply means that a nearly twenty year employee hasn't been close enough to even see the apple, much less, smell its aroma.

23.    The State Personnel Board is charged statutorily with the administration of the Merit System Act. It was, as it is today, the spirit and expressed directive of the legislature that the interest of this State's employees be protected. The Personnel Board was not created to protect the interest of the various agencies, except save one - to prevent politicians and high-ranking agency officers from nepotism and employment payoffs! To that end purpose, the State legislature empowered the State Personnel Board (SPB) with rule-making authority (Code of Alabama, 1975 §36-26-9) to carry out its legislative mandates.

24.    The SPB has duly adopted a set of rules and regulations to effectuate the legislative directives contained in its enabling legislation. [The rules of the State Personnel Department have the force and effect of law. Ala.Code 1975, § 36-26-9. Sullivan v. Teague, 424 So.2d 574, 577 (Ala. 1982)]

25.    SPBR 670-X-5-.09 uses the word "shall" and also includes the word "should". "Shall" is non-permissive, whereas "should" is permissive. The lead opinion concerning such interpretations states that:

> "[t]his Court must interpret plain language in a statute to mean exactly what it says" and that "[w]ords should be given their natural, plain, ordinary, and commonly understood meaning." [McCullar v. Universal Underwriters Life Ins. Co. 687 So.2d at 163 (Ala. 1996)]. For a thorough discussion of this rule of statutory construction, see Justice Maddox's dissent in Roe v. Mobile County Appointment Board, 676 So.2d 1206 (Ala.1995). It appears that a majority of this Court again accepts the plain meaning rule of statutory construction. Citing McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156, 166 (Ala. 1996).

26.   The State Personnel Board in denying reconsideration failed to understand that SPBR 670-X-5-.09(2) clearly indicates that the request for reconsideration "should" be based on newly discovered "evidence". Without question, the words do not deny that reconsideration may be based on prior evidence (or procedural problems) as well as new possible evidence. Petitioner sought a rehearing based on new and prior evidence. If an employee's counsel unilaterally quits before the most important hearing in this employee's nearly twenty years of State service, then surely that is a procedural problem that left unresolved or corrected is violative of fundamental fairness and an absence of due process of law. Yet the Personnel Board was duly informed in a motion for reconsideration of those facts (shown good cause) and failed to grant such relief or such other relief as requested by Harville. Instead, the Personnel Board summarily stated that the criteria for rehearing had not been met (Code of Alabama, 1975 §41-22-17 and SPBR 670-X-5-.09(2)). When faced with such a detailed motion as submitted to the SPB, then the resulting denial then is nothing more than an order that is clearly arbitrary and capricious on its face, and especially so - when it does not address the grounds raised.

27.   One of those provisions found in Code of Alabama, 1975 §41-22-17(c)(7), which are essentially the same grounds as those found in 41-22-20(k), provides that application for rehearing will lie if a prior decision was "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion". Harville informed the Personnel Board of her unforeseen absence of counsel and therefore, a decision based upon such circumstances is clearly "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion". With the State Personnel Board and its Hearing Officer allegedly searching for mitigation and as they should do in the spirit of the very thing that brought them life – a merit system act – then most

certainly a fair and balanced merit system should have noted the procedural problems as being outside the control of Harville. Maybe in their viewpoint and based on their actions, nearly twenty years of State Merit System Service has no merit.

28. This Honorable Court will note that at a minimum, Harville sought relief to place her back into a position just before her counsel withdrew. Procedurally and based on law, she has a right to be heard at what the Personnel Board refers to as "oral argument". No reasonable State Official would deny such a right and any decision otherwise is clearly "[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion". SPBR 670-X-5-.09(2) states, "The request should be based upon nearly discovered evidence which would justify relief from the decision rendered". Again, we are dealing with the permissive word "should" and if an attorney quitting days before a hearing isn't newly discovered evidence or a procedural problem then nothing would or could activate this rule seemingly as possessing force and effect of law (Code of Alabama, 1975 §36-26-09).

## Civil Rights and Procedural Violations

29. It would seemingly appear that an exploration of the allegations was not sought from Harville by her counsel or adequately extracted from the agency's witnesses. New evidence is a term of art when dealing with administrative hearings. "New" can also be unknown or not appreciated. Obviously, the SPB has shown great wisdom in crafting SBPR 670-X-5-.09(2) to allow for such introduction of evidence – both old and new – or either it would have used words that clearly exclude. When the decision reached on June 21, 2006 denies introduction of additional evidence, whether it be procedural or substantive, then such action should be deemed as

"[u]nreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion".

30. The Administrative Law Judge raised the question as to what caused a good employee to suddenly change (see ALJ Order page 27: "for some reason") and surely it was not meant as just pure rhetoric. This question deserved attention and a measured response, but that became impossible when the association's counsel failed to file exceptions or seek oral argument. Especially since this proposed Hearing Officer's Order was within the possession of an attorney who not only failed to advance grounds before the Personnel Board, but also prejudicially withdrew from representation just days before the scheduled March 15th hearing (and with such action flows a newfound connection for Harville and the "Ides of March"). It's simply amazing, just how does an association's counsel unilaterally quit representing his client just before the most important employment event is to take place in this her life to date?

31. It is reasonably believed that the actions of the Bureau, and some of its employees, were based on impermissible factors of discrimination (race and non-merit based)(SPBR 670-X-4-.01). Harville should be provided with an opportunity to advance her grounds and offer proof. Additionally, several procedural concerns exist and with reconsideration – can be addressed. It seems that far more exhibits were produced by the agency than on their pre-hearing list. Review of the documents in my possession would seemingly indicate that the association's counsel failed to file an exhibit list – assuming he would have anyway. The employee deserves timely "notice" of what is to be presented before the actual hearing takes place – fundamental issue of involving fairness and adequacy of notice seem present. These issues are fundamental Constitutional problems.

## Statutory Violation
## Code of Alabama, 1975 §36-26-27(a)

32.     The Respondent is charged by law with "actually hearing" any and all dismissal actions that

emanate from an "Appointing Authority's" utilization of <u>Code of Alabama</u>, 1975 §36-26-27(a).

Clearly, the appointing authority terminated Harville.

33.     The Alabama Legislature, exercising what this Counsel believes as sound wisdom, determined

that dismissals produced by an Appointing Authority's exercise of power as granted by §36-26-

27(a) and any appeal therefrom must be heard *directly* by the State Personnel Board – not an

Administrative Law Judge.  Case law decisions (and in recent very years) have affirmed the

'Right and Prerogative of the Legislature' to enact particular procedural provisions respecting

the rights of classified civil servants.  <u>Code of Alabama</u>, 1975 §36-26-27(a) states as follows:

> <u>Section 36-26-27</u>
>
> Dismissals and disciplining of employees generally.
>
> (a) An appointing authority may dismiss a classified employee
> whenever he considers the good of the service will be served thereby,
> for reasons which shall be stated in writing, served on the affected
> employee and a copy furnished to the director, which action shall
> become a public record.  The dismissed employee may, within 10
> days after notice, appeal from the action of the appointing authority
> by filing with the board and the appointing authority a written answer
> to the charges.  The board shall, if demand is made in writing by the
> dismissed employee within 10 days after notice of discharge, order a
> public hearing and, if the charges are proved unwarranted, order the
> reinstatement of the employee under such conditions as the board
> may determine.  Upon a majority vote of the board, the board may
> impose a punishment other than termination including but not limited
> to a reinstatement with forfeiture of back wages and benefits between
> the date of termination and the date of the board's order reinstating
> the employee, or a suspension up to and including 30 days.

34.     The obligations imposed on the State Personnel Board (the Respondent) to directly hear the

charges of dismissal via means of a public hearing are clear and unequivocally stated with

16

sound legal resonance – and case law further illustrates the point (See paragraph 38). This particular Code section provides for a series of sequenced events. No mention of delegating responsibility to a "hearing officer" or "special agent" is even hinted at by the statutory construction, and certainly no discretion exists. *This point is further driven home by the fact that Code of Alabama, 1975 §36-26-27(b) does allow for "a special agent appointed for the purpose by the director or the board itself"*. If the Legislature desired the Respondent to have such power or discretion in naming a 'special agent or hearing officer' regarding the use of §36-26-27(a), they would have so indicated. The Legislature did not provide such a grant of discretion and the Respondent has sat idly by for all of these years and failed to petition the Legislature for relief to act with such discretion respecting application of Code of Alabama, 1975 §36-26-27(a). Again, the second subsection identified as Code of Alabama, 1975 §36-26-27(b) does allow for the appointment of a hearing officer:

> (b) In addition to removal by an appointing authority, persons in the classified service may be removed or disciplined in the manner described in this subsection. Charges may be filed by any officer, citizen or taxpayer of the state with the director who shall, within five days, cause a copy to be served upon the person complained against and shall set a day not less than 10 nor more than 20 days after such charges have been served on such employee for a public hearing of such charges. This hearing may be before the director, a special agent appointed for the purpose by the director or the board itself. If before the director or a special agent, the director or special agent shall take testimony offered in support and denial of such charges and from the same submit to the board, within five days, a finding of facts and law involved and a recommended decision. The board at its next regular or special meeting shall consider said report and modify, alter, set aside or affirm said report and certify its findings to the appointing authority who shall forthwith put the same into effect. If the board hears said charges directly or requires the transcribing and submission of the testimony taken before the director or special agent, it shall make up and file its own findings and decision. The decision of the board based upon its records and the testimony shall be final.

35.  The Respondent identified the method of Harville's dismissal as from the actions of the "Appointing Authority". The procedure used in arriving at the decision of the Respondent more closely fits the method described in subsection "27(b)". Nevertheless, significant procedural variations exist and those dissimilarities have adversely affected Your Petitioner. This Honorable Court has grounds and legal cause to remand for a new hearing, since the first decision was in violation of the very enabling legislation of the State Personnel Board, the alleged guardian of the Merit System Act.

36.  Moreover, <u>Code of Alabama</u>, 1975 §36-26-06(b)(4) places further restrictions on the discretion and powers of the Respondent.

<u>Section 36-26-6</u>

State personnel board — Meetings; powers and duties generally.

(a) The board shall hold regular meetings at least once each month and may hold such additional meetings as may be required for the proper discharge of its duties.

**(b) It shall be the duty of the board as a body:**

**(1) To adopt and amend, after public hearings, rules and regulations for the administration of this article as provided in section 36-26-9;**

(2) To adopt, modify or reject, after public hearings, such classification and compensation plans for the state service, together with rules for their administration, as may be recommended by the director after a thorough survey of the personnel and departmental organizations included in such plan or plans;

(3) To make investigations, either on petition of a citizen, taxpayer or interested party or of its own motion, concerning the enforcement and effect of this article and to require observance of its provisions and the rules and regulations made pursuant thereto;

**(4) To conduct hearings and to render decisions, as provided in section 36-26-27, on charges preferred against persons in the classified service;**

(5) To make such investigations as may be requested by the governor or the legislature and to report thereon;
(6) To consider and act on such matters as may be referred to the board by the director;
(7) To represent the public interest in the improvement of personnel administration in the state service; and
(8) To advise and assist the director in fostering the interest of institutions of learning and of civic, professional and employee organizations in the improvement of personnel standards in the state service.

37.    "To conduct hearings" and "to render decisions" coupled with "as provided in section 36-26-27" reaffirms the fact that the Respondent (State Personnel Board) did not have the discretion or authority to abrogate its legally binding obligation to 'personally hear dismissals' exercised from the Appointing Authority's use of Code of Alabama, 1975 §36-26-27(a).    Such overwhelming actual bias and prejudicial conduct on the part of the Respondent in blindly "upholding termination" is telling indeed and especially, when informed of evidence and circumstances that the Petitioner's prior Attorney embraced an unexpected hiatus.

38.    The Respondent is very well aware of its legislated obligations, as Alabama Courts have addressed these points over and over again with the Respondent.  One of the most recent cases dealing with Code of Alabama, 1975 §36-26-27 dealt with subsection "b" wherein the Court had to tell the Respondent that if they did not like the law – then seek to change it, but until then - abide by the law (placed on actual notice).  It would be impossible for Respondent to provide any valid support or case law that would indicate that somehow the SPB can pick and choose which laws it wants to abide by and which ones it does not.  Appellate Courts have warned the State Personnel Board that it is the agency's responsibility to seek a change in any law that they dislike.

In the absence of clear legislative intent to the contrary, the word "shall" is to be afforded a mandatory connotation when it appears in a statute.  Prince v. Hunter, 388 So.2d 546 (Ala.1980).  See also Ex parte Brasher, 555 So.2d

192 (Ala.1989).  The repeated use of the word "shall" in § 36-26-27(b), <u>as</u> <u>well as the declaration of what appear to be mandatory time limits</u>, indicate that the Board has no discretion about whether to hear a "citizen complaint."

**Although we sympathize with the Board's concern about frivolous complaints, we are not at liberty to enlarge or restrict the jurisdiction of an administrative agency.  "If restrictions upon [an administrative agency's] jurisdiction are needed, the legislature must enact them; such changes cannot be made by this court."  State Ins. Dep't v. Howell, 614 So.2d 1053, 1056 (Ala.Civ.App.1992).  <u>State Personnel Bd. v.</u> <u>Prestwood</u>, 702 So.2d 176, 702 (Ala.Civ.App. 1997)(Emphasis added.)**

39.   The Respondent is charged by the Alabama Legislature in §36-26-06(b)(1) with a non-permissive duty to: "(1) To adopt and amend, after public hearings, rules and regulations for the administration of this article as provided in section 36-26-9".  Those rules and regulations do not provide any power to displace any State law.  Equally, the Respondent may not indiscriminately discard 'this rule and that rule' in arriving at a decision to "uphold termination" without the end result being anything other than one delivered "In Excess of the Statutory Authority of the Agency".  Additionally, such a wrongful decision would be on its very face arbitrary, capacious, in bad faith and/or rendered as part of a fraud.

40.   Harville was terminated by what the Respondent identifies as <u>Code of Alabama</u>, 1975 §36-26-27(a).  It is a *prima facie* due process violation for the SPB (Respondent) to have denied her benefit of law.  Harville is owed some measure of wages for Respondent not following the law and injunctive relief (See <u>Wyatt v. Bronner</u>, 500 F.Supp. 817, 822 (M.D.Ala. 1980).  Respondent has no greater authority than what is provided to it by Statute.

### In Violation of Constitutional or Statutory Provision

41.    The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases. This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision-making process. The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. At the same time, it preserves both the appearance and reality of fairness, "generating the feeling, so important to a popular government, that justice has been done," by ensuring that no person will be deprived of his property or liberty interests in the absence of a proceeding in which he or she may present their case with assurance that the arbiter is not predisposed to find against him. Courts have jealously guarded the requirement of neutrality. (citations omitted) (Marshall v. Jerrico, Inc., 446 U.S. 238, 243, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980)). Sandstrom v. Butterworth, 738 F.2d 1200, 1211 (C.A.11 (Fla.) 1984)

42.    Impartiality of the Administrative Law Judge (ALJ) is thus integral to the integrity of the system. See Johnson v. Mississippi, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423, 427 (1971) (citations omitted) ("Trial before 'an unbiased judge' is essential to due process."). Miles v. Chater, 84 F.3d 1397, 1401 (C.A.11 (Ala.) 1996).

43.    It is alleged that an in-house ALJ cannot be free from the chains of partiality - or at a minimum, the appearance of not being partial. In this case, the ALJ and the General Counsel for the State Personnel Board share offices that have a common wall and entrance. It is alleged that from a statistical and objective standpoint that when the Personnel Board moved away from using retired Judges as ALJs in the early 1990s to using in-house ALJ services that the incidents of

the employee prevailing on appeal plummeted by a significant percentage. The fox guarding

the other foxes' hen house leaves little appearance of or for the concept of impartiality. No

wonder that the in-house ALJ would be motivated to find that <u>Code of Alabama</u>, 1975 §36-26-

27(a) allows for an ALJ to hear the appeal rather than what the law dictates, since there exists a

strong and direct economic bias to find otherwise. Additionally, and at a time relevant to

Harville's Hearing before the ALJ, it is reasonably believed that there was a move in the

legislature to prevent Respondent from using an in-house ALJ. This move was supported by

ASEA and since ASEA's counsel represented Harville means the possibility for further ill-will

would be present. The appearance of impartiality would be questionable.

44.    The Respondent has no greater authority than what is provided to it by Statute. The ALJ has no

greater authority than what law provides – or in this case – takes away. Respondent is duly

obligated to discharge the functions assigned it by the Legislature – or to reframe from those

taken away.

45.    Again, this Circuit Court is asked to consider the following passages of case law that

concern the *expanded jurisdiction* of the Circuit Court sitting in administrative review of

an Agency Final Decision and especially in light of the fact that due process violations

are alleged:

> This Court affirmed, relying on the provision in § 41-22-20(k)(1) that
> allows a reviewing court to grant relief if the agency action violated
> constitutional or statutory rights:
>
> "We agree with Smith's argument that the review panel could not
> adequately determine the constitutional issues presented to it and that
> there has been no showing that the panel did apply the required test. His § 1983
> claims are nevertheless barred, because he had a right to appeal the ruling
> of the review panel to the appropriate circuit court, under § 41-22-20(k)(1),
> Ala.Code 1975, but did not do so.

"... A reviewing court 'may reverse or modify the decision [of an administrative review panel] or grant other appropriate relief' if it finds that 'substantial rights of the petitioner have been prejudiced because the agency action is ... [i]n violation of constitutional or statutory provisions.' § 41-22-20(k), Ala.Code 1975. Smith did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he waived his right to appeal the decision of the review panel.

"....

"... His failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him." Ex parte Smith, 683 So.2d at 435-36.

In making this holding, the Court did not overrule Ex parte Averyt, Caffee, the other cases cited above, and other similar cases. Those cases can be reconciled with Smith only on the ground that § 41-22-20(k)(1) gives a reviewing court broader jurisdiction to grant relief than it usually has in appeals from administrative decisions. We therefore expressly hold that Smith is limited to situations governed by the AAPA.

Boyette's appeal from the ruling of the Personnel Board of Jefferson County was provided for and was governed by § 22 of Act No. 248, 1945 Ala. Acts p. 376, as amended by Act No. 679, 1977 Ala. Acts p. 1176. It was not governed by the AAPA. Because § 22 does not give the broad power to grant relief that § 41-22-20(k)(1) gives, the principle of Smith is inapplicable here. Instead, the principles of Ex parte Averyt and the other cases discussed above are applicable, and Boyette's collateral action is "not only proper, but ... the only avenue available" for him to raise his ADEA claim. Ex parte Averyt, 487 So.2d at 913 (emphasis original). Therefore, the circuit court erred in entering the summary judgment on that claim, and the affirmance by the Court of Civil Appeals conflicts with Ex parte Averyt, 487 So.2d 912 (Ala.1986). Insofar as it relates to Boyette's ADEA claim against Jefferson County, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded.

Ex parte Boyette, 728 So.2d 644 (Ala. 1998)  --- Excerpts from pages 728 So.2d 644-728 So.2d 649.

46.    Furthermore, relief is partially sought on the provisions of law as disclosed in the Alabama Administrative Procedures Act, especially Section 41-22-20(k), which states:

(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. <u>The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings.</u> *The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following* (Emphasis):

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) In violation of any pertinent agency rule;
(4) Made upon unlawful procedure;
(5) Affected by other error of law;
(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

47.    These passages and sections are applicable to the judicial review associated with this appeal.


### The Effect of the Word "Shall"


50.    The word "shall"; as chosen by the Alabama Legislature for insertion into this Statute

protecting State Employees from abuse, is non-permissive and affords absolutely *no discretion*

on the part of Respondent, or the State Personnel Director, or the ALJ or any member of the

State Personnel Board. Numerous case law decisions have provided guidance concerning this

binding issue respecting the legislated usage of the word "shall" and court interpretations.

> In the absence of clear legislative intent to the contrary, the word "shall" is to be afforded a mandatory connotation when it appears in a statute. Prince v. Hunter, 388 So.2d 546 (Ala.1980). See also Ex parte Brasher, 555 So.2d 192 (Ala.1989). The repeated

use of the word "shall" in §36-26-27(b), as well as the declaration
of what appear to be mandatory time limits, indicate that the
Board has no discretion about whether to hear a "citizen
complaint." State Personnel Bd. v. Prestwood, 702 So.2d 176,
179 (Ala.Civ.App. 1997)

51.    Carefully note that the State Personnel Board (Respondent) cannot bury its head in the sand as

many of these cases are squarely aimed at them.   Until this Circuit Court desires additional

cases on this basic point, and in the interest of brevity, they will not be offered.  When the ALJ

totally ignored Code of Alabama, 1975 §36-26-27(a), coupled with her inability to legally hear

the appeal, generates a basic due process violation causing injury.  When the "Rule of Law" is

ignored on purpose, then the results, no matter what they are; are most assuredly without "due

process of law" as that term has meaning in the Alabama Constitution, the United States

Constitution and various case law decisions

52.    Respondent's "State Personnel Board Rules" are duly adopted and they bear weight and effect

of law.  Respondent and Respondent's agents knowingly violated the State Personnel Board

Rules when they did not follow their provisions and the provisions of the State Merit System

Act, especially Code of Alabama, 1975 §36-26-27(a).  Respondent has seized Harville's

Constitutional and Statutory rights without providing due process of law.  The totality of the

circumstances associated with not applying fixed standards, coupled with the other wrongs

identified in this Petition, are in contradistinction to the rights guaranteed Harville

53.    Respondent seized Harville property without providing due process of law as required by the

United States Constitution, Amendments 5 and 14.  The actions of the Respondent were

calculated to deny Harville of these fundamental rights.

Amendment V

No person shall be held to answer for a capital, or otherwise infamous
crime, unless on a presentment or indictment of a grand jury, except

25

in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, *nor be deprived of life, liberty, or property, without due process of law*; nor shall private property be taken for public use, without just compensation. (Emphasis added)

Amendment XIV

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. *No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.* (Emphasis added)

54.    Harville alleges that the actions of the Respondent violated her property rights without due process of law and that the conduct of these State actors acting under color of law denied her of equal protection and that further, their improper motive was in retaliation for providing testimony or either in response to cooperating in a proceeding involving another employee.

## Made Upon Unlawful Procedure

55.    The "Hearing Officer" is required to discharge his or her duties in an impartial and fair manner, and to do so according to "fixed standards", all while acting in good faith. The State Personnel Board adopted certain written rules that provide for procedural fixed standards. The Hearing Officer is charge with following law, especially the enabling legislation of the very agency he

or she works. The "Hearing Officer" cannot pick and select which laws and rules that he or she likes. The ALJ refused to apply fixed standards and did so knowingly and in bad faith.

56.    As previously stated, this prior Administrative Hearing was before an agent of the State Personnel Board. The ALJ and the Respondent identified that the termination was according to the provisions of <u>Code of Alabama</u>, 1975 §36-26-27(a). Only <u>Code of Alabama</u>, 1975 §36-26-27(b) allows for a hearing to be conducted by an agent of the Respondent (State Personnel Board). Any ruling originating from that Hearing is void – not just voidable. The decision is due to be reversed and remanded with instructions.

57.    Petitioner has a right to have case law applied equally and fairly. The ALJ and Respondent are responsible for distinguishing differences between Federal and State case law decisions. The Respondent has available full-time attorneys that offer proactive guidance on matters affecting the administration of the Agency. Case law decisions require the adjustment of administrative procedures by recognizing the instructions of the various courts. It is clear that the Respondents ratified the actions of their agent.

## Prayer for Relief Based on the Petition for Judicial Review

58.     Your Petitioner seeks an Order that finds that the substantial rights of the Petitioner have been prejudiced by the Respondents due to the agency actions that were violative of <u>Code of Alabama</u>, §41-22-20(k)(1)(2)(3)(4)(5)(6)(7) and thereby, set aside the agency's decision and Order equitable and legal relief to include reinstatement with back pay and benefits to September 15, 2005.  Therefore, the relief sought by Petitioner regarding this "Petition for Judicial Review of an Agency Decision" seeks at a minimum to reverse the State Personnel Board decision to "uphold termination" and to have this Court Order reinstatement with full back pay and benefits to September 15, 2005, including attorney fees.

59.     The Petitioner seeks any and all equitable and/or legal relief from the wrongful and illegal actions of the Respondents, including reinstatement to September 15, 2005 with full back pay and benefits, including completely restoring Harville's retirement system benefits that would embrace all of her time, including attorney fees and costs.

60.     Petitioner seeks injunctive relief to Order the Respondent to provide all State employees with at least eight hours of training respecting their rights, protections, and responsibilities as guaranteed in the State Merit System Act and the Rules of the State Personnel Board. Petitioner seeks injunctive relief from the Circuit Court to Order State Personnel afford the same level of training it provides Appointing Authorities, Executive Directors, senior level supervisors, and mid-management personnel respecting <u>Code of Alabama</u>, 1975 §§36-26-27; 36-26-28.

61.    Petitioner seeks injunctive relief to force Respondent to use the fix standards contained in the State Personnel Board Rules and Merit System Act, and especially when it involves adverse employment action and due process protections and Constitutional rights.

62.    Petitioner seeks injunctive relief against the Respondent so that a hearing process can be adopted which complies with the Alabama Administrative Procedures Act in all areas where the AAPA affords greater due process protections and procedures and/or to force publication of greater due process protections than an agency may have adopted.

63.    Petitioner seeks an Order to force the State Personnel Board to provide on its Internet website all relevant rules and regulations affecting State classified employees, including a copy of the State Personnel Board Rules.

64.    Petitioner seeks an Order to force the State Personnel Board to hear all cases of discharge directly when the "Appointing Authority" signs the termination or dismissal notice (See Code of Alabama, 1975 §36-26-27(a)).  The Court is asked to instruct the SPB, as have the Appellate Courts, that if the agency doesn't like the law – then seek to change the law – not violate it.


### Complaint
### Court One
### Due Process – Federal Based

65.    The Plaintiff reasserts and re-alleges all paragraphs offered in this document as if fully restated herein.

68.    On March 15, 2006 and later reaffirmed on June 21, 2006, Respondents knowingly violated the provisions of Code of Alabama, 1975 §36-26-27(a) in "upholding termination" of Harville without the benefit of a due process hearing as envisioned by that section of law.  Respondents ratifyed and endorsed the actions of their ALJ.   Respondents/Defendants arbitrarily and

capaciously applied different standards of laws, procedures, and rules than provided by fixed rules and Statutes, and did so knowingly in bad faith, with malice and beyond their authority. Defendants knowingly exceeded their authority when they violated the provisions of <u>Code of Alabama</u>, 1975 §36-26-27(a) and did so to the detriment of Harville causing emotional and financial harm.  Defendants thereby failed to hear Harville's "appeal" of the "Appointing Authority's" termination decision directly as required by <u>Code of Alabama</u>, 1975 §36-26-27(a) and instead relied upon unverified statements of an agent and did so knowing that the prior hearing held outside of their presence was not transcribed at the time of their decision rendered on March 15, 2006.  Therefore, all Defendants acting in official capacity under color of State law, did unlawfully conspire and deprived Harville of her right to due process of law guaranteed under the Constitution of the United States of America and Defendants did violate Harville's protected property interest in State Merit System employment.

69.    Defendants failed to provide Harville and most State employees necessary training related to the Rules of the State Personnel Board whose provisions outline employee mandated rights protected by State Statutes and Defendants are charged by the Legislature to provide training. However, Defendants provided training to certain key supervisory employees regarding laws and the Rules of the State Personnel Board, primarily to provide a known unequal position between general worker and top management.

70.    Defendants and their agents were fully aware of the published procedure for suspensions and dismissals as contained in both the State Personnel Board Rules and <u>Code of Alabama,</u> 1975 §36-26-27 & §36-26-28 and in bad faith knowingly failed to follow them or have made a practice of not following the provisions contained in these and other sections of the law.

71.   An agent heard this appeal outside of the presence of Respondents (the State Personnel Board), and the ALJ was aware that her authority is limited by Statute and yet continued to take adverse action against Harville and Defendants were well aware that various case law decisions have addressed restraints placed on their powers, but yet, they elected to violate law by not *directly* hearing the appeal of a dismissal action based on the alleged dismissal of Harville by the "Appointing Authority". The Defendants are aware or should be aware that the provisions of Code of Alabama, 1975 §36-26-27(a) are markedly different than §36-26-27(b). The Legislature of this State provided two methods for removing a classified employee and the Legislature did not provide for a "hearing officer or special agent" when outlining the procedures to be followed in §36-26-27(a). The ALJ indicated that the "Appointing Authority" took this action as provided for in §36-26-27(a);

72.   By withholding rights guaranteed, all Defendants (each member of the State Personnel Board, the State Personnel Director, and the Administrative Law Judge) knowingly denied Harville of an adequate remedy at law and violated her Constitutional due process rights;

73.   The hearing officer (ALJ) had a hidden improper motive to ensure that the State would prevail in that it substantially benefited the State of Alabama financially and it is alleged at the same time justified her position as an in-house ALJ to control State losses and furthermore, provided her with a strong position to advance financial gains by salary considerations based on performance levels influenced by the Respondents and/or each of these allegations suffered from the appearance and absence of impartiality. Therefore all of these allegations place into doubt whether Plaintiff was or could be given a meaningful opportunity to be heard – a fundamental requirement of due process (Smith v. Maschner, 899 F.2d 940 (10th Cir. 1990)).

74.   Defendants imposed a reputational injury when they wrongfully "upheld termination" and thereby deprived Harville of a liberty interest (Siegert v. Gilley, 111 S.Ct. 1989 (1991)). It was clearly established at the time that a liberty interest protected by the Fourteenth Amendment may arise from two sources: the Due Process Clause and the laws of the State (Hewitt v. Helms, 459 U.S. 460, 466 (1983)). Therefore, State laws create protected liberty interest by placing substantial limitations on official discretion (Olin v. Wakinkona, 467 U.S. 230, 249 (1983)). Code of Alabama, 1975 §36-26-27(a) placed an absolute limitation against the State Personnel Board and its agents with the use of the word "shall" and disciplinary actions. Additionally, when these Defendants armed with authority to rectify an erroneous and illegal practice received notice of the wrongful practice and its resulting harmful consequences as committed by its agents (ALJ and the State Personnel Director), means that due process requires the State to provide a hearing before a further denial of liberty can be said to be free from Section 1983 liability (Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985((en banc));

75.   The actions of the Board to violate normal procedures are evidence of their reckless disregard of Plaintiff's Constitutional and Statutory rights (Hammond v. County of Madera, 859 F.2d 797(9th Cir. 1988)).

76.   It is a fact that the Defendants and the State Personnel Director are guilty of a "failure to train" State employees (City of Canton Ohio v. Harris, 109 S.Ct. 1197 (1989)); Parker v. District of Columbia, 850 F.2d 708 (D.C. Cir. 1988)).

77.   All named Defendants completed these acts as stated above and elsewhere in this Petition wrongfully, willfully, intentionally, in bad faith, and with callous and reckless indifference to Harville's Constitutional and Statutory rights that were well defined and known to them at the time of injury and they ratified the acts of their agents.

32

78.    These acts were done in knowing disregard of Harville's Constitutional and Statutory rights, among others reasonably inferred from the conduct stated in this Petition and Complaint in the following, but not limited way – Defendants knew that the <u>Code of Alabama</u>, 1975 §36-26-27(a) would not allow for an administrative hearing to be heard by an agent.

79.    Defendants are charged (not Harville) by the Legislature of the State of Alabama to discharge certain due process procedures in the manner as legislated.  A review of <u>Code of Alabama</u>, 1975 §36-26-27(a) as contrasted with §36-26-27(b) contains marked but clear differences regarding the person or entity that must "hear" the appeal.  The provisions of §36-26-27(b) indicates that the Director of State Personnel, not the Board, may appoint a "special agent" (hearing officer) to take and hear testimony in conformity with the provisions as stated in "(b)"; and such is not provided for in §36-26-27(a).  There further exist additional limitations in 27(b), such as: "This hearing may be before the director, a special agent appointed for the purpose by the director or the board itself.  If before the director or a special agent, the director or special agent shall take testimony offered in support and denial of such charges and from the same submit to the board, within five days, a finding of facts and law involved and a recommended decision."  It is clear that the Legislature did not provide for such a delegation to a "special agent", since none of these provisions are found in §36-26-27(a).

80.    As a proximate and direct result of the unlawful acts of these Defendants as stated and inferred herein this Petition and Complaint, the Plaintiff has been caused to suffer severe emotional distress and has been denied reinstatement with full back pay and benefits, including lost of her healthcare benefits that also encompass her entire family due to the absence of employment and other costs in vindicating these rights that were severed without just cause or due process of

law.   Additionally, and with the illegal actions of Defendants to "uphold termination" will prevent the Plaintiff from being able to seek and secure employment with other State agencies due to the exit evaluation as filed with State Personnel.

**Count Two**
**Due Process -- (State based claim)**

81.    The Plaintiff reasserts and re-alleges all paragraphs as if fully restated herein.

82.    With Defendants/Respondents (the five member State Personnel Board) "upholding termination" based on the contents of their agent's proposed order and findings, means that the Defendants, acting under color of State law, unlawfully deprived Harville of her right to due process guaranteed under the Alabama Constitution of 1901, Article 1, §§ 6, 13, 22, among other applicable sections, the State Merit System Act, the Rules of the State Personnel Board, case law decisions in at least the following way:  The final decision of the Respondents was based on the findings of fact and conclusions of law as presented by an ALJ that was without power to present such findings according to Code of Alabama, 1975 §36-26-27(a).   All Defendants acting in bad faith purposefully denied Harville of the Statutory procedures provided for removal of a classified merit system employee by an "Appointing Authority" (Code of Alabama, 1975 §36-26-27(a)).

83.    Defendants and the State Personnel Director failed to provide necessary training related to the State Personnel Board Rules whose provisions outline substantive and procedural employee rights which are further protected by State statute.

84.    The Defendants completed these acts wrongfully, willfully, intentionally, in bad faith and with callous and reckless indifference to Harville's rights protected by the Alabama Constitution and laws of the State of Alabama.

85.    As a proximate result of the unlawful acts of these Defendants, the Plaintiff has been caused to suffer severe emotional distress and has been caused to expend great sums (or be obligated) in vindicating these rights and she has lost all other emoluments of employment with the State of Alabama, and especially, the lost of her healthcare benefits and those of her family due to the absence of employment along with her right to re-employment with the State which has been prejudiced severely and/or terminated by Defendants' actions in upholding termination.

### Count Three
### Liberty Interest

86.    The Plaintiff reasserts and re-alleges all paragraphs in this document as if fully restated herein.

87.    As alleged above, the combined actions of the Defendants have violated the Plaintiff's liberty interest possessed in her good name and reputation.  The actions taken by the Defendants required due process of law and Defendants and their ALJ, while acting in concert with one another and under color of law, denied such protection in deliberate indifference.  The Plaintiff is entitled to the protection found in the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Alabama.  The combined conspiratorial actions of the Defendants have stigmatized her.

88.    It is reasonably believed the grounds selected by Defendants, the ALJ, and the State Personnel Director have been made public, both verbally and in written form, and the use of the improper discharge process noted throughout this Petition and Complaint was designed to deny the Plaintiff of a meaningful hearing to clear her good name (Wells v. Doland, 771 F.2d 670 (5th Cir. 1983)), and that this improper discharge and hearing process was also used to circumvent the Rules of the State Personnel Board and Code of Alabama, 1975 § 36-26-27(a), which would have provided the means for such a name clearing hearing if its provisions had been

followed. Due process implies assurance of confidentiality with respect to certain forms of personal information possessed by State. <u>Mangels v. Pena</u>, 789 F.2d 836 (10th Cir. 1986). The fact these Defendants have placed their letters of improper process in the main stream of public inspection, which disclose official words of a stigmatizing nature, do confer improper and false connotations and thereby provide further false inferences for the Defendants intended personal, financial, and non-merit purposes, so as to seriously damage the Plaintiff's standing and association in the community and thereby, do provide among others, the necessary bases to foreclose her freedom to take advantage of other employment opportunities and thereby, preventing her from earning a living to support her family (<u>Codd v. Velger</u>, 429 U.S. 624, 628 (1977)). An employee enjoys two interests protected under the liberty prong of Fourteenth Amendment Due Process Clause: interest in his good name, reputation, honor and integrity, and interest in other employment opportunities. <u>Flanagan v. Munger</u>, 890 F.2d 1557 (10th Cir. 1989); <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983); <u>Olin v. Wakinkona</u>, 467 U.S. 230, 249 (1983).

## PRAYER FOR RELIEF

89. WHEREFORE, the above premises considered, the Plaintiff (Your Petitioner) seeks judgment against the named Defendants as follows:

   a. Declare that the action of the Defendants, the State Personnel Director, and the ALJ constituted a violation of Plaintiff's Constitutional and Statutory rights to be free from deprivation and infringement without due process of law and further, that their actions taken violated equal protection under the law in violation of the Fourteenth Amendment to the United States Constitution, the Alabama Constitution, and 42 U.S.C. §1983 and was illegal/without authority;

b.  Declare that the actions of the Defendants, the ALJ (via ratification), and the State Personnel Director were in violation of <u>Code of Alabama</u>, 1975 §36-26-27(a) in that the State Personnel Board failed to hear the case directly as required by law and to further permanently enjoin them from such action in the future, unless the Legislature of the State of Alabama grants them an exception by law;

c.  Declare that Harville did not receive a fair and impartial hearing under the circumstances presented in this Petition/Complaint and if a subsequent hearing is required - that this Circuit Court will order such hearing be conducted by the State Personnel Board with the aid of an independent hearing officer selected by this Court or either declare that it would be impossible to receive a fair and just hearing from the Defendants and order reinstatement with full back pay and benefits to September 15, 2005;

d.  Award the Plaintiff such compensatory and punitive damages as allowed by law as a result of these numerous Constitutional and Statutory violations suffered;

e.  Award the Plaintiff compensatory and punitive damages arising out of the wrongful and negligent acts and/or omissions of the Defendants, as appropriate under the law;

f.  Award the Plaintiff attorney fees pursuant to 42 U.S.C. §1988, and costs, and in all other sections of this Petition where relief is granted outside of a Section 1983 action; that attorney fees are award based on a common benefit principle in that the interest of nearly thirty thousand merit system employees have been materially benefited;

g.  Award the Plaintiff all benefits and emoluments of employment that she lost on September 15, 2005 as the result of the Defendants upholding a termination based on known unconstitutional actions;

h. Direct the Defendants to reinstate Harville to her former position with all back pay and award indemnification of all money withdrawn from her retirement benefits, including all interests and penalties to include Harville's entire time of employment;

i. Order such other and further relief to which the Plaintiff may be entitled to in law and equity, including any declaratory relief, which may be appropriate to these facts and circumstances.

Respectfully submitted this the 19th day of August 2006.

Carroll J. Ogden
P. O. Box 851133
Mobile, Alabama 36685-1133
[251] 689-9743
[251] 633-9904

**Plaintiff request a Trial by Jury Regarding the Complaint Section.**

By:_____
Carroll J. Ogden
Attorney for the Plaintiff

# Attention Clerk: Defendants may be served by Certified Mail as Follows:

State Personnel Board and/or Department of Personnel for the State of Alabama
Respondent/Defendant
300 Folsom Administrative Building
64 North Union Street
Montgomery, Alabama 36130
[334] 242-3389


Joe N. Dickson
Respondent/Defendant
300 Folsom Administrative Building
64 North Union Street
Montgomery, Alabama 36130
[334] 242-3389

Joyce P. O'Neal
Respondent/Defendant
300 Folsom Administrative Building
64 North Union Street
Montgomery, Alabama 36130
[334] 242-3389


John McMillan
Respondent/Defendant
300 Folsom Administrative Building
64 North Union Street
Montgomery, Alabama 36130
[334] 242-3389


Ellen G. McNair
Respondent/Defendant
300 Folsom Administrative Building
64 North Union Street
Montgomery, Alabama 36130
[334] 242-3389


James H. Anderson
Respondent/Defendant
300 Folsom Administrative Building
64 North Union Street
Montgomery, Alabama 36130
[334] 242-3389


Jackie Graham
Respondent/Defendant
300 Folsom Administrative Building
64 North Union Street
Montgomery, Alabama 36130
[334] 242-3389