IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Valvaneea Harville )<br>)<br>)<br>    Plaintiff, Petitioner )<br>)   Case No. CV-06-845-WKW<br>vs. )<br>)<br>State Personnel Board, (Respondent )<br>AAPA) )Joe Dickson, Joyce O'Neal, )<br>John McMillan, Ellen McNair, )<br>James Anderson, Jackie Graham )<br>)<br>    Defendants, Respondents. ) | |

## ANSWER TO PETITION FOR JUDICIAL REVIEW OF AN ADMINISTRATIVE DECISION/COMPLAINT

**Introductory Statement**

This "introductory statement" does not require any admission or denial from the defendants.

**Alabama Administrative Procedure Act**

(I)   Admit that Harville was a classified merit system employee of the Bureau of Tourism and Travel. Admit that the State Personnel Board upheld Harville's termination.

(II)  Admit.

(III) As jurisdiction at all times rests with the Petitionr/Plaintiff, this paragraph is denied until specifically proven by the Plaintiff.

1

(IV) As jurisdiction at all times rests with the Plaintiff, this paragraph is denied until specifically proven by the Plaintiff.

(V) Deny that Plaintiff is entitled to any relief.

## **Parties**

1. Admit that Harville worked in the Cleburne County Welcome Center and was a classified merit system employee.

2. Admit that the Alabama State Personnel Board is an agency of the State of Alabama and is a proper respondent under the Alabama Administrative Procedures Act. Deny that the State Personnel Department is a proper party to this action.

3. Admit that Joe Dickson is chairman of the State Personnel Board. Deny that he is a proper party to this case.

4. Admit that Joyce P. O'Neal is a member of the State Personnel Board. Deny that she is a proper party to this case.

5. Admit that John McMillan is a member of the State Personnel Board. Deny that he is a proper party to this case.

6. Admit that Ellen G. McNair is a member of the State Personnel Board. Deny that she is a proper party to this case.

7. Admit that James Anderson is a member of the State Personnel Board. Deny that he is a proper party to this case.

## Jurisdiction

8. As the burden of proving jurisdiction rests at all times with the Plaintiff, this paragraph is denied until specifically proven by the Plaintiff.

9. As the burden of proving jurisdiction rests at all times with the Plaintiff, this paragraph is denied until specifically proven by the Plaintiff.

10. This number does not appear in the complaint.

11. This number does not appear in the complaint.

12. As the burden of proving jurisdiction rests at all times with the Plaintiff, this paragraph is denied until specifically proven by the Plaintiff.

## Facts

13. Admit that Harville was employed by the Bureau of Tourism and Travel.

14. Admit that Harville received a letter from the Director of the Bureau of Tourism and Travel identifying the reasons for dismissal.

15. Can neither admit nor deny as to Plaintiff's membership in a union.

16. Deny.

17. Can neither admit nor deny as to any attempts by Plaintiff's previous counsel as to mitigation or settlement. Can neither admit nor deny whether previous counsel timely returned phone calls.

18. Can neither admit nor deny as to communications between Plaintiff's previous counsel and Plaintiff.

19. Admit that the Board upheld the dismissal. Can neither admit nor deny what offer or evidence of mitigation might have been made by Plaintiff's previous counsel.

20. Can neither admit nor deny when Plaintiff's current counsel was hired. Admit that Motion for Reconsideration was timely filed and that such was denied.

### The Old Axiom of Another Bite at the Apple

21. This paragraph requires neither an admission nor a denial

22. Deny.

23. Admit that the State Personnel Board is charged with the administration of the Merit System.

24. Admit.

25. This paragraph requires neither an admission nor a denial.

26. Deny.

27. Admit that Plaintiff appropriate summarized the Alabama Code. Deny the remaining allegation of the paragraph.

28. Deny.

### Civil Rights and Procedural Violation

29. Deny.

30. Can neither admit nor deny what occurred between Plaintiff and her previous counsel.

31. Deny.

### Statutory Violation (36-26-27(a))

32. Admit that the appointing authority terminated the Plaintiff. Deny the remaining allegations of the complaint.

33. Deny.

34. Deny.

35. Deny.

36. Admit that the Plaintiff properly quoted the Code of Alabama. Deny that these are restrictions as claimed by the Plaintiff.

37. Deny.

38. Deny that it is improper to appoint a hearing officer to make a recommendation to the State Personnel Board.

39. Deny.

40. Deny that Plaintiff was denied any benefit of law.

### In Violation of Constitutional or Statutory Provision

41. This paragraph requires neither an admission nor a denial.

42. This paragraph requires neither an admission nor a denial.

43. Deny

44. This paragraph requires neither an admission nor a denial.

45. Deny that expanded jurisdiction exists.

46. Admit that Plaintiff properly quoted the Alabama Code.

47. Deny that jurisdiction over claims other than the Administrative Procedures Act is proper.

48. No such number in complaint.

49. No such number in complaint.

### The Effect of the Word "Shall"

50. This paragraph requires neither an admission nor a denial.

51. Deny.

52. Deny that any rules of the State Personnel Board were violated.

53. Deny.

54. Deny.

### Made Upon Unlawful Procedure

55. This paragraph requires neither an admission nor a denial.

56. Deny.

57. Deny that any violation of the law, rules, or procedures were violated.

### Prayer for Relief Based on the Petiton for Judicial Review

58. Deny that the Petitioner is entitled to any relief.

59. Deny that the Petitioner is entitled to any relief.

60. Deny that the Petitioner is entitled to any relief.

61. Deny that the Petitioner is entitled to any relief.

62. Deny that the Petitioner is entitled to any relief.

63. Deny that the Petitioner is entitled to any relief.

64. Deny that the Petitioner is entitled to any relief.

### **Complaint – Count One – Due Process – Federal Based**

65. This paragraph requires neither an admission nor a denial.

66. This paragraph number is not in the Complaint.

67. This paragraph number is not in the Complaint.

68. Deny.

69. Deny.

70. Deny that Defendants failed to follow the rules and procedures.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny that this is a correct interpretation of the law.

80. Deny.

### **Count Two – Due Process – State Based Claim**

81. This paragraph requires neither an admission nor a denial.

82. Deny that any of Plaintiff's rights have been violated.

83. Deny.

84. Deny.

85. Deny.

## Count Three – Liberty Interest

86. This paragraph requires neither an admission nor a denial.

87. Deny.

88. Deny.

## Prayer for Relief

89. Deny that the Plaintiff is entitled to any relief.

   a. Deny that the Plaintiff is entitled to any relief.

   b. Deny that the Plaintiff is entitled to any relief.

   c. Deny that the Plaintiff is entitled to any relief.

   d. Deny that the Plaintiff is entitled to any relief.

   e. Deny that the Plaintiff is entitled to any relief.

   f. Deny that the Plaintiff is entitled to any relief.

   g. Deny that the Plaintiff is entitled to any relief.

   h. Deny that the Plaintiff is entitled to any relief.

   i. Deny that the Plaintiff is entitled to any relief.

## Defenses

1. Plaintiff fails to state a claim for which relief can be granted.

2. The State of Alabama provides adequate post-termination remedies and no due process claim exists.

3. A complaint cannot be brought in conjunction with a petition for judicial review.

4. The Plaintiff is not entitled to allege violation of due process rights in any forum other than a Petition for Judicial Review.

5. The allegations contained in the Petition/Complaint are waived as they were not raised in the hearing below.

6. Defendants are entitled to absolute immunity under the Eleventh Amendment to the United States Constitution.

7. Defendants are entitled to absolute immunity under the Alabama Constitution.

8. The State Personnel Board's order was not in violation of any provision of the Administrative Procedures Act.

9. A violation of an agency's own rules and regulations does not give rise to a cause of action under 42 U.S.C. 1983.

10. There is no respondeat superior liability under 42 U.S.C. 1983.

11. The State Personnel Board is not a proper defendant either for damages or injunctive relief under 42 U.S.C. 1983.

12. Plaintiff is not entitled to recover damages for she failed to mitigate her damages.

13. The Plaintiff is precluded from re-litigating the facts of this case in her 42 U.S.C. 1983 claim because the State Personnel Board acted in a judicial capacity and resolved disputed issues of fact properly before it

which the parties had an adequate opportunity to litigate. *See Maniccia v. Brown*, 171 F.3d 1364 (11th Cir. 1999); *Crapp v. City of Miami Beach*, 242 F.3d 1017 (11th Cir. 2001).

Respectfully submitted,

_/s/ Alice Ann Byrne_____
ALICE A. BYRNE (BYR015)
Attorney for Defendants/Respondents

ADDRESS OF COUNSEL:

State Personnel Department
64 North Union Street
Room 316
Montgomery, Alabama  36130
(334) 242-3450
(334) 353-4481 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following:

Carroll J. Ogden
Post Office Box 851133
Mobile, Alabama 36685-1133

by placing the same in first class mail, postage pre-paid, this the 2nd day of October, 2006.

/s/ Alice Ann Byrne_____
OF COUNSEL

10