IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Valvaneea Harville | * | |
| | * | |
| Petitioner/Plaintiff | * | |
| | * | Removed From the Circuit |
| | * | Court of Randolph County, |
| | * | Alabama: |
| | * | Case Number: <u>CV-06-125</u> |
| | * | ********************* |
| | * | |
| | * | Federal Case No: _____ |
| | * | |
| State Personnel Board, (Respondent AAPA); | * | 3:06cv845 -WKW |
| Joe N. Dickson, Joyce P. O'Neal, John McMillan, | * | |
| Ellen G. McNair, James H. Anderson, Jackie Graham. | * | |
| | * | |
| Respondents/Defendants. | * | |
| | * | |

**Motion to Remand to State Court**

The Defendants filed on September 21, 2006, before the United States District Court for the Middle District of Alabama Northern Division a "Notice of Removal". The original action was filed in the Circuit Court of Randolph County, Alabama, on August 21, 2006. To the extent an immediate response is required or prudent, Valvaneea Harville, the original Plaintiff in the Randolph County Action, would respectfully offer the following:

1. Although Defendants do state in paragraph number two of their "Notice of Removal" document that several Federal law counts are present, they clearly omit the primary intent and legal purpose of Plaintiff's action as filed in State Court, and importantly, why it was filed in State Court – "Petition for Judicial Review of an Administrative Decision/Complaint". By State Law, Plaintiff is legally required to file any appeal of an

1

administrative agency's decision to State Circuit Court (see generally Code of Alabama, 1975 §41-22-20/the Alabama Administrative Procedures Act (AAPA).)

2. Jurisdiction of the State Court was based in operative and controlling part on the Alabama Administrative Procedures Act and secondarily with the collateral counts conditioned on case law decisions regarding the 'General Jurisdiction of the Circuit Court', which additionally, was explained in 1998 by the Alabama Supreme Court.

> "We agree with Smith's argument that the review panel could not adequately determine the constitutional issues presented to it and that there has been no showing that the panel did apply the required test. His § 1983 claims are nevertheless barred, because he had a right to appeal the ruling of the review panel to the appropriate circuit court, under § 41-22-20(k)(1), Ala.Code 1975, but did not do so.
>
> "... A reviewing court 'may reverse or modify the decision [of an administrative review panel] or grant other appropriate relief' if it finds that 'substantial rights of the petitioner have been prejudiced because the agency action is ... [i]n violation of constitutional or statutory provisions." § 41-22-20(k), Ala.Code 1975. Smith did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he waived his right to appeal the decision of the review panel.
>
> "... His failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him." Ex parte Smith, 683 So.2d at 435-36.
>
> In making this holding, the Court did not overrule Ex parte Averyt, Caffee, the other cases cited above, and other similar cases. Those cases can be reconciled with Smith only on the ground that § 41-22-20(k)(1) gives a reviewing court broader jurisdiction to grant relief than it usually has in appeals from administrative decisions. We therefore expressly hold that Smith is limited to situations governed by the AAPA. "
>
> Ex parte Boyette, 728 So.2d 644, 649 (Ala. 1998)

3. The Petition filed by Harville in State Court sought first and foremost judicial review of an agency decision as it primary focus and again, only secondarily was the expanded

area of the general jurisdiction of the State Circuit Court necessarily required to plead any collateral lawsuit. According to State Law, "Original Jurisdiction" of this case resides (vests) in a State Circuit Court. Harville could not have filed this action in Federal Court based on her appeal of an administrative decision.

4. Respectfully, the appeal of the administrative decision is the "horse part" of the complaint that drives (pulls) the other collateral counts' "cart". At a minimum, this Honorable Court should 'remand' the administrative part of the action to the State Court for resolution *first* before entertaining any other aspects of this action, assuming the Court embraces Defendants' removal as presented. Consider the following facts regarding a State employee agency dismissal, removal, and pendent claims:

> After a full hearing, the hearing officer recommended that the Board uphold the DOC's decision to dismiss Wood. The Board agreed, and Wood then appealed to the Montgomery Circuit Court. In addition, he filed a complaint and a declaratory judgment action, alleging claims under 42 U.S.C. §§ 1983 and 1988. In December 1993, the case was removed to the United States District Court for the Middle District of Alabama. In June 1994, the federal district court remanded the cause to state court for a determination of the state law issues; the federal court retained jurisdiction of the federal claims pending resolution of the state law issues. Wood v. State Personnel Bd., 705 So.2d 413, 415-416 (Ala.Civ.App. 1997)(Excerpts).

5. Additionally, it will be assumed that all applicable time periods were met for removal according to the sections cited by Defendants (28 U.S.C. 1441(b) and 1446(b)). 'Due respect to state sovereignty and independence of state courts demands that federal courts exercise their right to remove cases properly before state courts only in strict conformity with removal authority granted by Congress'. 28 U.S.C.A. § 1441.

6. 'Doubts concerning removability are to be resolved against removal and in favor of remand.' 28 U.S.C.A. § 1441. Harville understands that the Federal Court must

3

determine whether removal is proper according to Plaintiff's (Harville's) Pleading at time of 'Petition for Removal'. 28 U.S.C.A. §§ 1331, 1441.

7. A reading of Harville's action will clearly reveal that its main cry for relief is to have a State agency and in this case, the State Personnel Board, act reasonable as it respects the rights of a protected merit system employee. By denying this employee of fundamental rights, and as further stated in a Motion for Reconsideration filed before the State Personnel Board, has generated her only course of action – to appeal to the Circuit Court that serves her home county. Without question, case law requires Harville to file any collateral claims that she may have at the time of the Administrative Appeal (AAPA)(§41-22-20(k)). This administrative agency, the State Personnel Board, exercising "removal" is yet another attempt to financially punish this State Merit System Employee. There exists a rather large imbalance of economic resources.

8. Based on State law, Harville could not have brought this action in Federal Court. 'Removal of a case to federal court is only proper if the case originally could have been brought in federal court'. See 28 U.S.C. § 1441(a). This case could not have originally been brought in Federal Court.

Wherefore premises considered, Harville respectfully requests that this action be remanded, either in whole or in part as described above, to the State Circuit Court from whence Defendants' removed.

Respectfully Submitted:

Carroll J. Ogden
Attorney for Plaintiff Harville
Post Office Box 851133
Mobile, AL 36685-1133
251-689-9743/633-9904(Fax)

4

Certificate of Service

I hereby certify that a copy of the foregoing document was served upon the following counsel for Defendants via First Class United States Mail postage pre-paid on this 3rd Day of October, 2006 (courtesy copy Randolph County Circuit Court):

Alice A. Byrne, Esq.
State Personnel Board
64 North Union Street – Room 316
Montgomery, AL

*Carroll J. Ogden*