IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VALVANEEA HARVILLE, | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | |
| | ) | |
| | ) | Removed from the Circuit Court |
| | ) | of Randolph County, Alabama |
| | ) | Case Number: <u>CV-06-125</u> |
| vs. | ) | Case No. 3:06-cv-845-WKW |
| | ) | |
| STATE PERSONNEL BOARD, | ) | |
| Joe N. Dickson, Joyce P. O'Neal, John | ) | |
| McMillan, Ellen G. McNair, James H. | ) | |
| Anderson, Jackie Graham. | ) | |
| | ) | |
| Respondents/Defendants. | ) | |
| | ) | |

## RESPONSE TO MOTION TO REMAND (DOC. 5)

Plaintiff filed the instant action in the Circuit Court of Randolph County, Alabama. Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendants removed the case to this honorable court. (Doc. 1.) Plaintiff moved for remand to Randolph County circuit court, and this court ordered defendants to show cause why the motion should not be granted. (Doc. 5,6) On behalf of the defendants, this response is now filed.

In pertinent part, § 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Relevant here, and pursuant to 28 U.S.C. § 1331, "the district courts . . . have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The complaint in this case attempts to set out three counts in addition to the review under the Alabama Administrative Procedures Act. Two of these counts allege a violation of federal law. (Doc. 1-2 at ¶¶ 65-80; 86-88) Further, Plaintiff invoked jurisdiction under 42 U.S.C. § 1983 which is the vehicle for enforcing federal constitutional and statutory claims. (Doc. 1-2 ¶ 8). The federal law claims are very clearly delineated as such. (Count One, Due Process – Federal Based; Count Three – Liberty Interest). For example one part of the complaint alleges that "all Defendants acting in official capacity under color of State law, did unlawfully conspire and deprived Harville of her right to due process of law guaranteed under the Constitution of the United States of America and Defendants did violate Harville's protected property interest in State Merit System employment." (*Id.* at ¶ 68; *see also id.* at ¶¶ 72 – 77; 87).

Plaintiff's alleged federal constitutional violations flow directly from her allegations that she was deprived of property interests created by state law as well as procedural due process rights under the Fourteenth Amendment to the United States Constitution. The Supreme Court has explained that "[t]he Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 2708 (1972). "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ." *Id.* at 577, 92 S. Ct. at 2709. Applied here, a reasonable reading of the complaint suggests

that the federal Constitutional claims are the gravamen of the complaint: first plaintiff attempts to demonstrate the presence of a state-created property interest in her position and then alleges the deprivation of that protected property interest in violation of the Fourteenth Amendment of the United States Constitution.

It is entirely backwards to suggest, as plaintiff does, that the complaint should be read in exactly the opposite manner. Plaintiff suggests that the federal counts are no more than the "cart," and that the APA claim is the "horse." (Doc. 5 ¶ 4.) Based upon this logic, she suggests that this action could not have been brought in Federal Court and that removal is somehow improper. (Doc. 5 ¶ 8). Accepting for the sake of argument that plaintiff did not intend the federal claims to be the gravamen of her complaint, the federal claims are still pled, (in two of the three counts), and that is all that is required to make defendants' removal of this case to federal court proper. *See* 28 U.S.C. § 1331 (granting federal question jurisdiction to district courts); 28 U.S.C. § 1441(a) (stating federal question cases are removable); 28 U.S.C. § 1441(c) (stating that federal question cases are removable even when "joined with one or more otherwise non-removable claims or causes of action"). Plaintiff's assertions that her federal claims are peripheral to her state claims and that removal is not available, misses the mark.

For all these reasons, the defendants properly removed this action to federal court. Defendants are aware of no applicable law that would authorize this court to remand the federal claims. To accept plaintiff's argument would require that all Fourteenth Amendment procedural due process claims be heard in state court. That is simply not the law; federal courts routinely decide procedural due process cases. *See, e.g., Town of Castle Rock v. Gonzales*, 545 U.S. \_\_\_, 125 S. Ct. 2796 (2005) (mother brought suit in

3

federal court alleging a violation of her procedural due process rights because the local police failed to enforce a state-law restraining order concerning her estranged husband's access to their children); *Roth*, 408 U.S. 564, 92 S. Ct. 2701 (former assistant professor at a state university brought suit in federal court alleging, among other things, a violation of his procedural due process rights); *Thompson v. Bass*, 616 F.2d 1259, 1264–65 (5th Cir. 1980) (former Alabama employee brought suit in federal court alleging, among other things, a violation of his procedural due process rights) *repudiated on other grounds by Monroe County, Florida v. U.S. Dep't of Labor*, 690 F.2d 1359, 1363 (11th Cir. 1982).

Plaintiff has alleged that her rights under the Fourteenth Amendment to the United States Constitution were violated. Those allegations make the defendants' removal proper. There is no authority for remanding the properly removed federal claims.

## Remand of "Administrative" part of Complaint

Plaintiff requests that "at a minimum, this Honorable Court should 'remand' the administration part of the action to the State Court for resolution *first* before entertaining any other aspects of the action, assuming the Court embraces Defendants' removal as presented." (Doc. 5, ¶ 4) (emphasis in original).

The court has discretion to remand any issue in which state law predominates. 28 U.S.C. § 1441(c).[1] And, while there is authority for remanding the state law claims at the

---

[1] Section 1441(c) provides:
> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

4

court's discretion, such a partial remand would not serve the interests of justice. Based upon the complaint, it would be impossible to separate the APA claim from the due process issues and other constitutional issues because that is *exactly* the basis of the Plaintiff's claim under the APA. For example, under the APA portion of the complaint, Plaintiff has a subheading of "Civil Rights and Procedural Violations." (Doc. 1-2; p. 14). Plaintiff alleges that the actions of some of the Bureau's employees were based on impermissible factors of discrimination (race and non-merit based.). (Doc. 1-2, ¶ 31) Plaintiff alleges various and sundry procedural concerns throughout the APA or "administrative" portion of the complaint. Plaintiff alleges that the actions of some of the Bureau's employees were based on impressible factors of discrimination (race and non-merit based.). Citing federal law, another subheading of the APA administrative claim is entitled: "In Violation of Constitutional or Statutory Provision." (Doc. 1-2; p. 21). Likewise telling is Plaintiff's claim under the APA alleging violations of the Fourteenth and Fifth Amendments to the United States Constitution. (Doc. 1-2; ¶ 53).

It is obvious that Plaintiff's request to remand to state court the "administrative" portion of the complaint and have it decided *first* is nothing more than a thinly veiled attempt to have a state court issue rulings on Fifth and Fourteenth Amendment claims. As can be seen throughout the complaint, federal due process claims are the primary basis of Plaintiff's APA claim. The federal court should hear this case and make a finding regarding the federal claims. Once these federal issues have been decided, then, the Court, in its discretion, has discretion whether to remand the pendent state law claims. Accordingly, this court should deny plaintiff's motion for remand to the Circuit Court of Randolph County, Alabama.

5

Respectfully submitted,

/s/ Alice Ann Byrne_____
ALICE A. BYRNE (BYR015)
Attorney for Defendants

ADDRESS OF COUNSEL:

State Personnel Department
64 North Union Street
Room 316
Montgomery, Alabama 36130
(334) 242-3450
(334) 353-4481 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certified that I have served a copy of the foregoing document upon the following:

Carroll James Ogden, Esq.
Post Office Box 851133
Mobile, AL  36685-1133

by placing the same in first class mail, postage pre-paid, this the 31st day of October, 2006.

____/s/ Alice Ann Byrne_____
OF COUNSEL