**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                      TELEPHONE (334) 954-3600

November 8, 2006

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Harville v. State Personnel Board et al

Case Number:   3:06cv00845-WKW

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached to include the electronic signatures.**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 8   filed on   November 7, 2006.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Valvaneea Harville** | * |
| | * |
| **Petitioner/Plaintiff** | * |
| | * |
| | *   **Removed From the Circuit** |
| | *   **Court of Randolph County,** |
| | *   **Alabama:** |
| | *   **Case Number: CV-06-125** |
| | *   ********************* |
| | * |
| | *   **FD Case No: 06-cv-845-WKW** |
| | * |
| **State Personnel Board, (Respondent AAPA);** | * |
| **Joe N. Dickson, Joyce P. O'Neal, John McMillan,** | * |
| **Ellen G. McNair, James H. Anderson, Jackie Graham.** | * |
| | * |
| **Respondents/Defendants.** | * |
| | * |

**Reply to Defendants' Response Motion (DOC. 7)**

On October 31, 2006, Defendants' filed a "Response to Motion to Remand" (Doc. 7). The Court provided until November 7, 2006 to file a reply brief. Valvaneea Harville, the original Plaintiff in the Randolph County Action, would respectfully offer the following:

1. The Defendants' indicate that a 'reasonable reading' of the complaint suggest that the "gravamen" of the Complaint is the Federal Counts (Doc. 7 Page 2-3). The truth is that the essential focus of the Complaint is the "Administrative Appeal". A reasonable reading of the complaint, coupled with a sense of fairness and due process, is that if the Defendants' had acted reasonable when presented with the fact that the attorney for Harville abandoned her at a critical point in her due process hearing procedures, might also suggest that Harville would not even be before this Honorable Court. All Harville wanted was what she was entitled in the first place – a due process hearing to present her

1

side of the story to the State Personnel Board – the Final Decision-makers and according to State Merit System Law. It would not have been prejudicial to the State (and even more so when the State was put on actual notice of the fact that the party representing Harville at the time had absolutely not represented her legal interest), to simply provide the reasonable relief sought - an opportunity to present her side to the administrative board.

2.  As for the "cart" and "horse" analogy presented by Harville and later responded to by Defendants (Doc. 7 Page 3), the Alabama Supreme Court indicated in late 1999/2000 (see Complaint – citations omitted) that with an Administrative Appeal to the Circuit Court that all potential claims must be presented at that time since that same Alabama Circuit Court was vested with full general jurisdiction to hear all claims presented under that Alabama Administrative Procedures Act. To be very clear in reply to the Defendants' presentation regarding the 'intent' of Harville, absolutely she did not intend for the "federal claims to be the gravamen" (Doc. 7 Page 3) of her action. If Harville were presented with an opportunity to have a fair hearing and actually be represented by counsel, then in all likelihood, she would not advance a cause of action beyond that point.

3.  In reply to the Defendants' statement regarding law and remand, simply stated, the Federal District Court is vested with full discretion in such matters. To believe otherwise would be a waste of judicial economy and a divestiture of Federal Court authority. If the State part of the action is resolved – then there is reason to believe that no further action will be required. The right to be heard by the actual body making the decision to terminate is fundamental to due process (including State law) and this

PDF Creator - PDF4Free v2.0                                   http://www.pdf4free.com

         Federal Court has discretion to order that relief be issued before proceeding to the Federal claims and/or to remand to the State court for further action.

4.    The Defendants' state "[T]o accept plaintiff's argument would require that all Fourteenth Amendment procedural due process claims be heard in state court" (Doc. 7 Page 3). It's not the Plaintiff's position that makes this is a true statement, but that of the Alabama Supreme Court. As stated in the Complaint, the State Supreme Court requires that any action alleging these types of harms must be filed as collateral to the Administrative Appeal. The Administrative Appeal must be advanced in the State Circuit Court, which now must hear any other claims as well. In reply to Defendants' statement at the bottom of page 3 (Doc. 7), this simply is the law when it involves an appeal via the Alabama Administrative Procedures Act.

> "... A reviewing court 'may reverse or modify the decision [of an administrative review panel] or grant other appropriate relief' if it finds that 'substantial rights of the petitioner have been prejudiced because the agency action is ... [i]n violation of constitutional or statutory provisions." § 41-22-20(k), Ala.Code 1975. Smith did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he waived his right to appeal the decision of the review panel.
>
> "... His failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him." Ex parte Smith, 683 So.2d at 435-36.
>
> In making this holding, the Court did not overrule Ex parte Averyt, Caffee, the other cases cited above, and other similar cases. Those cases can be reconciled with Smith only on the ground that § 41-22-20(k)(1) gives a reviewing court broader jurisdiction to grant relief than it usually has in appeals from administrative decisions. We therefore expressly hold that Smith is limited to situations governed by the AAPA. "
>
> Ex parte Boyette, 728 So.2d 644, 649 (Ala. 1998)

3

PDF Creator - PDF4Free v2.0                                           http://www.pdf4free.com

5. The authority to remand is fully vested within the sound discretion of the Federal Court. As the Defendants' acknowledge (Doc. 7 Page 4), "[T]he court has discretion to remand any issue in which state law predominates". In this case and under these circumstances, a "partial remand" (Doc. 7 Page 5) will serve the interests of justice and judicial economy. The appeal stemming from the Alabama Administrative Procedures Act is not inexorably or inescapably intertwined with the Federal Counts. Again, if Harville is provided with the relief sought to have a fair hearing to present her side of the story to the actual decision-makers, then she would also possess an opportunity to not proceed further. The Defendants' desire this Federal Court to first hear the Federal Claims and then have the State Court sitting in review of an Administrative action rule on the dismissal. It is far more reasonable to have the Administrative Appeal decided first, so that no new additional Federal Claims can arise. This factor alone is reason not to expend unnecessary judicial resources. This Federal Court can retain jurisdiction over all other matters.

6. Accordingly, Harville respectfully prays that this Federal District Court remand the action to State Court.

          Respectfully Submitted:

          /S/ Carroll J. Ogden

          _____
          Carroll J. Ogden
          Attorney for Plaintiff Harville
          Post Office Box 851133
          Mobile, AL 36685-1133
          251-689-9743/633-9904(Fax)

PDF Creator - PDF4Free v2.0                                    http://www.pdf4free.com

**Certificate of Service**

I hereby certify that a copy of the foregoing document was served upon the following counsel for Defendants via First Class United States Mail postage pre-paid on this 7th Day of November, 2006:

Alice A. Byrne, Esq.
State Personnel Board
64 North Union Street – Room 316
Montgomery, AL

/s/ Carroll J. Ogden
_____

Carroll J. Ogden

PDF Creator - PDF4Free v2.0                               http://www.pdf4free.com